UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LINDA PEATMAN,

                              Plaintiff,                    **COMPLAINT**

v.

                                                                                 Civ. No.

COTT BEVERAGES INC.,

                              Defendant.
_____

        The Plaintiff, LINDA PEATMAN, by and through her attorneys, THE TARANTINO LAW FIRM, LLP, for her Complaint against the Defendant, alleges as follows:

**JURISDICTION AND VENUE**

        1.     Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII"); and the New York Human Rights Law, ("NYHRL"), Executive Law § 290 *et seq.* for damages arising from discrimination and retaliation based on sex and the discriminatory terms and conditions of employment imposed by Defendant, COTT BEVERAGES, INC.  This Court has jurisdiction pursuant to 42 U.S.C. §1981, Title VII, and this Court's power to assert ancillary and pendant jurisdiction of state law claims based on NYHRL, and pursuant to the common law of New York State.

        2.     The venue of this action is properly placed in the Western District of New York pursuant to § 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.  Plaintiff resides in this district.  Defendant is doing business in this district, and a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## PARTIES

3. Plaintiff is a citizen of the United States of America, and resides in the County of Chautauqua, and State of New York.

4. At all relevant times, Plaintiff was an employee as defined in 42 U.S.C. § 2000(e) (f) and the New York State Human Rights Law, Executive Law § 290 *et seq*

5. Upon information and belief, Defendant, COTT BEVERAGES, INC., is a corporation incorporated under the laws of Georgia and authorized to do business in the state of New York.

6. At all relevant times, Defendant, COTT BEVERAGES, INC., was and still is an employer as defined in 42 U.S.C. § 2000(e) (b) and the New York State Human Rights Law, Executive Law § 290 *et seq.*

## CONDITIONS PRECEDENT TO ACTION

7. On June 7, 2013, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation. The Charge was cross-filed with the New York State Division of Human Rights ("NYSDHR").

8. On December 11, 2013, Plaintiff filed an Amended Charge of Discrimination the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation. The Charge was cross-filed with the New York State Division of Human Rights ("NYSDHR").

9. On January 28, 2015, the EEOC issued a Notice of Right to Sue. A copy is attached as **Exhibit A**.

10. Plaintiff has filed this action within 90 days of the receipt of the notification of the Right to Sue from the EEOC.

## STATEMENT OF THE CASE

11. Plaintiff began working for Defendant, COTT BEVERAGES, INC (formerly Cliffstar Corporation) in or around April 1997.

12. Defendant, COTT BEVERAGES, INC ("Cott") is the world's largest, non-alcoholic, private label beverage manufacturer. Its United States headquarters is located in Tampa, FL. Cott has approximately 4,000 employees in manufacturing facilities in the United States, Canada, Mexico and the United Kingdom.

13. On August 17, 2010, Cott acquired Cliffstar Corporation, a private label manufacturer of shelf stable juices that was located in Dunkirk, New York.

14. Cott currently operates a manufacturing facility in Dunkirk, New York that employs approximately 500 individuals. The Dunkirk facility handles all aspects of the beverage manufacturing process, including processing fruit ingredients, manufacturing beverage products, filling, packaging and labeling, distribution and product testing and development.

15. In approximately 2003, Plaintiff began working for Defendant as a label warehouse clerk. The label warehouse position is a grade 4 position within the Production Department.

16. In or about at the end of January 2013, Plaintiff spoke with Jessica Wisniewski, Human Resources Manager at the Dunkirk, NY facility to complain about Team Captain, Al Miller's discriminatory treatment of Plaintiff based on her sex. Plaintiff told Ms. Wisniewski that Mr. Miller favored male employees in the label warehouse and treated men more favorably than he treated women.

17. Plaintiff provided several specific examples of female employees receiving disparate treatment, including, but not limited to: (1) allowing a male employee to request a vacation day during a scheduled inventory and then allowing him to work on his scheduled vacation day at a pay rate of time plus one half; (2) allowing male employees to punch in early while not allowing Plaintiff to do the same; (3) disqualifying Plaintiff from working overtime due to purported lack of seniority and allowing a male employee with less seniority to work overtime; (4) allowing a male employee in the same position as Plaintiff to have access to internet, email and air conditioning; (5) withholding critical information that Plaintiff needed to do her job, while ensuring that all male employees were informed; (6) holding meetings with male employees and excluding Plaintiff; and (7) ignoring Plaintiff's vacation requests so that male employees could have priority in selecting vacation days.

18. Jessica Wisniewski informed Plaintiff that she would look into her complaints. Plaintiff did not hear back from Ms. Wisniewski regarding her complaints. Instead, on February 27, 2013, Tim Lipinski, the Operations Manager for the Dunkirk facility and Jessica Wisniewski called a meeting with Plaintiff and told her that her position in the label warehouse was being eliminated. Plaintiff was told that her position was being eliminated due to lack of work, however, all three males in the label warehouse were allowed to keep their jobs.

19. Plaintiff was the second female to lose her position in the label warehouse after complaining about Mr. Miller's treatment of female employees. Karen Treni complained about Mr. Miller's disparate treatment of females with regard to overtime pay, and shortly thereafter, she was terminated.

20. Plaintiff was offered a different, less-desirable position at a considerably lower pay grade. Plaintiff inquired as to whether there were any jobs available that were the

4

same grade as her position that was being eliminated.  Plaintiff was told she was not qualified for a job in Production, despite her having worked in Production for 5-6 years prior to becoming a warehouse label clerk.

21.     Instead of taking a less-desirable position several levels below her current pay grade, Plaintiff opted to take a layoff.  Plaintiff had no other choice due to the fact that the position offered to her was well below her prior pay grade and because she had questions about her ability to physically perform the job offered.  Plaintiff believed that she was being pushed out of her position as a label clerk and out the door.

22.     Plaintiff was told that the layoff was due to low orders and lack of work.  However, after she was laid off on March 4, 2013, the remaining two male employees in the label warehouse began working 12-hour shifts and weekends to cover the volume of work and the impact of her layoff.  Tim Lipinski also allowed forklift drivers from the Receiving Department work shifts in the Production Department to cover the increased volume of work.

23.     After Plaintiff was laid off, a male temporary worker was hired in Plaintiff's position.  Upon information and belief, he continues to work in that position.

24.     On April 29, 2013, Plaintiff was called back to work for a laborer position in the Processing Department.  The Processing department processes all of the fruit ingredients for the beverages.  This was a lower paying and less-desirable position.  However, Plaintiff accepted it so that she could return to work.  Plaintiff did not have a choice but to accept a less desirable and lower paying position if she wanted to return to work for Defendant.  After Plaintiff returned to work, she was told that she was on a 90-day probationary period, after which time she would be evaluated.

25. Plaintiff was very concerned about being able to adequately perform the job in the Processing Department because of the very demanding physical requirements, including running the machines and opening and closing the valves on the cook tanks. The job also required significant heavy lifting. Plaintiff felt that these physical requirements would be very difficult for her. Plaintiff asked what would happen if she could not perform the job that she was offered and she was told that if the job was too difficult for her, she would be placed in a different job.

26. On May 8, 2013, Plaintiff called the confidential tip line to complain about the male temporary worker who was working in her former position in the label warehouse. This call was never returned or otherwise followed-up.

27. On May 20, 2013, Plaintiff called Christina Gasperino, Senior Director of Human Resources at Defendant's U.S. headquarters in Tampa, FL to complain about the disparate treatment of females and the issues surrounding her layoff and recall into a lower-paying and less desirable position. On May 21, 2013, Ms. Gasperino returned Plaintiff's telephone call and told her that she would be in Buffalo the following week and that she would call Plaintiff the following day. Ms. Gasperino did not call Plaintiff the following day and did not otherwise follow-up with her.

28. After starting the processing job, it became clear that Plaintiff's concerns were correct and that she was having difficulty performing the demanding physical requirements of the job. Plaintiff submitted bids for two different jobs and they were both denied.

29. Megan Piazza, Defendant's Associate Human Resources Manager told Plaintiff that she was disqualified from bidding on another position for one full year.

30. Plaintiff was then told that if she could not perform the position offered to her in the processing department that she would be terminated. This was a sharp departure from what Plaintiff was told in April 2013 when she accepted the position in the processing department.

31. There were several components of the processing position that were physically difficult for Plaintiff, including opening and closing the valves on the cook tanks and very heavy lifting. Plaintiff was placed in this position with the hopes that she would quit and/or be unable to properly perform the job and be terminated.

32. On July 10, 2013, Megan Piazza called Plaintiff and suggested that she quit her job. Phil Bull also called Plaintiff into his office and suggested that she quit her job.

33. On July 11, 2013, Plaintiff wrote Megan Piazza a letter in which she requested that she be placed in her previous position as warehouse label clerk.

34. Plaintiff did not receive any response to her July 11, 2013 letter.

35. On July 12, 2013, Plaintiff arrived at work for her regularly scheduled shift and she was told that the only available job for her shift was to run the cook tanks. Plaintiff was unable to run the cook tanks because she could not physically open and close the valves. Plaintiff was told to go home for the day and to use a personal day.

36. On August 6, 2013, Plaintiff was terminated from Cott Beverages.

37. Plaintiff was removed from her position as a warehouse label clerk because she complained about Al Miller's treatment of women in the department. Plaintiff was placed in a lower-paying and less desirable position that she had difficulty doing so that she would be forced to quit and/or Cott could terminate her because she is a woman and because she complained about discriminatory treatment of women.

38. There are several other female employees who were removed from their positions and placed in less desirable and lower paying positions. These women were also placed in temporary or probationary positions so that they could be terminated and/or forced to quit.

## AS AND FOR A FIRST CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as though fully set forth herein.

40. Throughout her time as an employee of Defendant COTT BEVERAGES, Plaintiff was subjected to different terms and conditions of employment than similarly situated male employees.

41. Plaintiff has been subjected to a continuing course of sexual discrimination by Defendant, its agents, servants, and/or employees.

42. The effect of the policies and practices pursued by the Defendant as alleged above limited, classified, and discriminated against the Plaintiff in ways which resulted in the loss of her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her sex in violation of 42 U.S.C. § 2000e *et seq*.

43. Defendant knew or in the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

44. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment constituting unlawful sex

discrimination in violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

45. Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

46. As a direct and proximate result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

47. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

48. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

49. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A SECOND CAUSE OF ACTION**

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "49" as though fully set forth herein.

51. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

52. Defendant, its agents, servants, and/or employees treated Plaintiff adversely because of her sex and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

53. Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of her sex in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

54. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

55. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

56. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

57. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

58. Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A THIRD CAUSE OF ACTION

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58" as though fully set forth herein.

60. As a result of these sexually offensive acts, including but not limited to those described above, Defendant, its agents, servants, and/or employees, created a hostile working environment in which Plaintiff was intimidated, harassed, and undermined in her attempts to succeed.

61. Throughout Plaintiff's employment with Defendant, Plaintiff brought the above described unlawful conduct to the attention of several human resources personnel.

62. As a result, Defendant knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

63. The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff's employment, constituting unlawful sexual harassment in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII Of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(g).

64. Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above,

11

Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

65. As a direct and proximate result of the Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

66. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

67. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

68. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A FOURTH CAUSE OF ACTION**

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "68" as though fully set forth herein.

70. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

71. During the course of Plaintiff's employment, Defendant, its agents, servants, and/or employees subjected Plaintiff to unwelcome comments, insults and other sexually offensive conduct thus creating a hostile work environment and engaged in a knowing,

intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

72. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

73. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

74. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

75. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

76. Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A FIFTH CAUSE OF ACTION**

77. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "76" as though fully set forth herein.

78. Defendant COTT BEVERAGES treated Plaintiff adversely because she complained of and opposed unlawful discriminatory practices by Defendant.

79. As a result of Defendant COTT BEVERAGE's actions, conduct, and omissions, including but not limited to those described above, Defendant has discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment and in retaliation for complaining and opposing unlawful discriminatory practices by Defendant in violation of § 707 of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-(3), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

80. Defendant COTT BEVERAGE's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of §102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

81. As a direct and proximate result of the Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

82. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

83. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

84. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SIXTH CAUSE OF ACTION

85. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "84" as though fully set forth herein.

86. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

87. During the course of Plaintiff's employment, Defendant, its agents, servants, and/or employees treated Plaintiff adversely because of her sex and in retaliation for her complaints and opposition to unlawful discriminatory conduct and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

88. Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment and because of her sex and in retaliation for her complaints and opposition to unlawful discriminatory conduct and in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

89. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

90. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost

back and future wages and employee benefits, lost employment opportunities, mental anguish, embarrassment, and emotional distress.

91.     As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

92.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

93.     Plaintiff demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff prays to this Court for the following:

1.      For the First and Third and Fifth Causes of Action, Plaintiff demands judgment against Defendant, COTT BEVERAGES INC. as follows:

   a.   For recovery of $3,000,000 against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental aguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages and for punitive damages together with interest as a result of Defendant's discrimination against Plaintiff;

   b.   For the recovery of costs and counsel fees as provided by statute;

   c.   For trial by jury on all triable issues; and

   d.   For such other and further relief as the Court may deem just, fit, and proper.

    2. On the Second, Fourth and Sixth Causes of Action, Plaintiff demands judgment against Defendant, COTT BEVERAGES as follows:

    a. For the recovery of $3,000,000 against Defendant as actual damage for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental anguish, emotional distress and embarrassment in an equal amount as liquidated damages, and compensatory damages, together with interest as a result of Defendant's discrimination against Plaintiff;

    b. For trial by jury on all triable issues; and

    c. For such other and further relief as the Court may deem just, fit, and proper.

Dated: Buffalo, New York
    April 27, 2015

            Respectfully submitted,

            /s/Kevin P. Wicka
            Kevin P. Wicka, Esq.
            The Tarantino Law Firm, LLP
            Attorneys for Plaintiff, LINDA PEATMAN
            1500 Rand Building, 14 Lafayette Square
            Buffalo, New York  14203
            (716) 849-6500
            kwicka@tarantinolaw.com